# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JUDY FREEMAN,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | **CASE NO: CV-08-BE-1396-M** |
| | } | |
| **AMERICAN FAMILY LIFE** | } | |
| **ASSURANCE COMPANY OF** | } | |
| **COLUMBUS (AFLAC),** | } | |
| | | |
| Defendant. | | |

## MEMORANDUM OPINION

This matter is before the court on "AFLAC's Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration" (doc. 5). This court entered an "Order to Show Cause" (doc. 6), to which Plaintiff, Judy Freeman, responded and Defendant, AFLAC, filed a reply. For the reasons stated below, the court will GRANT AFLAC's motion to compel arbitration.

Having reviewed AFLAC's motion and the arbitration agreement signed by Freeman, the court finds that Freeman entered into an arbitration agreement with AFLCAC in connection with the application for an AFLAC policy of insurance. This arbitration agreement covers:

> 1. Any and all claims, disputes or lawsuits that I have concerning my AFLAC policy; and/or
>
> 2. Any claims disputes or lawsuits that I have concerning any relationships that my AFLAC insurance policy creates; and/or
>
> 3. Any claims, disputes or lawsuits concerning the validity of this arbitration agreement; and/or
>
> 4. Any and all claims, disputes or lawsuits that I have that come up from

1

>   the proposed sale of the policy by any agent or employee of AFLAC, **including any allegation of fraud or improper act.**

The arbitration agreement further provides:

>   Both I and AFLAC agree and understand that we are choosing **ARBITRATION INSTEAD OF LITIGATION** to resolve any of the above described disputes.  Both I and AFLAC understand that we have a right or opportunity to litigate disputes through the court but that we prefer to resolve our disputes through arbitration.
>   \* \* \*
>   Both I and AFLAC voluntarily and with full understanding **WAIVE ANY RIGHT WE HAVE TO A JURY TRIAL**.   This waiver applied either to arbitration under this agreement or to a court action filed by me.  Both I and AFLAC agree and understand that all disputes arising under law, whether made by the courts or the legislature or any other law which includes but is not limited to all contract, tort and third party disputes, will be decided by the use of binding arbirtation.
>   \* \* \*
>   AFLAC and I understand that this arbitration agreement constitutes a portion of my application for insurance. . . .Upon acceptance of my application by AFLAC, as evidenced by the issuance of an insurance policy, this arbitration agreement shall be incorporated by reference into any insurance policy issued.

(doc. 5, Ex. B) (emphasis in original).

The Federal Arbitration Act provides for the enforcement of written arbitration contracts that affect interstate commerce.  9 U.S.C. § 2; *see Nobles v. Rural Community Ins. Servs.,* 122 F. Supp. 2d 1290, 1299 (M.D. Ala. 2000).  Applying the terms of the arbitration agreement to the instant case, the court finds that a written arbitration agreement existed between the parties to this lawsuit and is applicable to this action and that its terms are broad and encompass the ERISA claims brought by Freeman.  The court further finds that AFLAC has demonstrated that the contract affects interstate commerce; AFLAC is a Nebraska corporation with its principal place of business in the State of Georgia, and Freeman is a citizen and resident of the state of Alabama.

Accordingly, AFLAC has demonstrated that this case is appropriate for resolution by arbitration.

However, Freeman argues that claims under the ERISA statute are non-arbitrable; that AFLAC has waived the right to arbitrate; and that Alabama's anti-arbitration statute precludes arbitration.

*Has Plaintiff Established that Claims under ERISA Are Not Subject to Arbitration Agreements*?

As the Eleventh Circuit has recognized, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et. seq.*, implements an "unquestionably strong federal policy favoring arbitration." *Blinco v. Green Tree Servicing, Inc.*, 400 F.3d 1308, 1311 (11th Cir. 2005). The FAA requires that written arbitration agreements be "rigorously enforced" as a matter of federal law. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "This duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (upholding the trial court's arbitration order in a case arising under the Securities and Exchange Act); *see also Anders v. Hometown Mortgage Serv., Inc.*, 346 F. 3d 1024, 1030 (11th Cir. 2003) (stating that "[f]ederal statutory claims are as a rule arbitrable.")

Therefore, the court will enforce the arbitration agreement when the party bound by that agreement raises a claim based on statutory rights "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). As the Supreme Court has explained, "We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum,

that intention will be deducible from text or legislative history." *Id.*

Freeman, the party opposing arbitration, shoulders the burden of demonstrating that Congress intended such a protection. *See Southside Internists Group PC Money Purchase Pension Plan v. Janus Capital Corp.*, 741 F. Supp. 1536, 1540 (N.D. Ala. 1990) (stating that "[t]he party opposing arbitration carries the burden of showing that Congress intended to preclude a waiver of a judicial forum for the statutory rights established in ERISA"). Freeman has not met her burden. She has pointed the court to no text or legislative history of the ERISA statute that expresses Congress's intent to preempt arbitration. Further, she has pointed this court to no Eleventh Circuit case or United States Supreme Court case addressing this narrow issue. However, the majority of courts that have addressed this issue have held that disputes arising under ERISA *are* subject to arbitration under the FAA. *Simon v. Pfizer Inc.*, 398 F. 3d 765, 774 (6th Cir. 2005) *(*citing *Kramer v. Smith Barney*, 80 F. 3d 1080, 1084 (5th Cir. 1996); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, *Inc.*, 7 F. 3d 1110, 1115-16 (3d Cir. 1993); *Bird v. Shearson Lehman/American Express, Inc.*, 926 F. 2d 116, 122 (2d Cir. 1991), *cert. denied* 501 U.S. 1251 (1991); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F. 2d 475, 479 (8th Cir. 1988); *Peruvian Connection, Ltd. v. Christian,* 977 F. Supp. 1107, 1111 (D. Kan. 1997); *Fabian Fin. Serv. v. Kurt H. Volk, Inc. Profit Sharing Plan*, 768 F. Supp. 728, 733-34 (C.D. Cal. 1991); *Southside Internists*, 741 F. Supp. at 1540 (finding that plaintiffs did not meet "their burden of showing Congress intended that the judicial forum provisions of ERISA are not subject to waiver"); *Glover v. Wolf, Webb, Burk & Campbell, Inc.*, 731 F. Supp. 292, 293 (N.D. Ill. 1990)). Because Freeman has failed to meet her burden to demonstrate that Congress intended disputes arising under ERISA to be precluded from arbitration, the court finds that the ERISA

claims are arbitrable.

### Has AFLAC Waived its Rights to Arbitrate?

Freeman also argues, however, that AFLAC has waived its right to arbitrate the ERISA claims by failing to demand arbitration in pre-suit letters and, after Freeman filed suit in state court, by removing the case to federal court instead of demanding there that the case be resolved through arbitration. Contrary to Freeman's assertion, the Eleventh Circuit has held that a party does not waive its rights to arbitration when it fails to make a pre-suit demand for arbitration. *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000) (citing *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Assoc.*, 62 F. 3d 1356, 1366 (11th Cir. 1995), *cert. denied*, 516 U.S. 1114 (1996)).

Further, the court is not convinced that AFLAC's post-suit conduct constitutes waiver. "A party may waive the right to arbitrate by its conduct, such as invoking 'litigation machinery' prior to seeking arbitration and acting inconsistently with a right to arbitrate." *Gipson v. Cross Country Bank*, 354 F. Supp. 2d 1278, 1282 (M.D. Ala. 2005) (citing *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F. 2d 1507, 1514 (11th Cir. 1990), *cert. denied*, 498 U.S. 1026 (1991)). "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party . . . . Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F. 2d at 1366.

In the instant case, AFLAC's participation in litigation has been limited to (1) filing a

notice of removal, paragraph fourteen of which claims that the matters in dispute "are subject to an Arbitration Agreement" and then, announces AFLAC's intent to move to compel arbitration; and (2) filing the instant motion to dismiss, or in the alternative, motion to compel arbitration. The court finds that AFLAC's filings did not constitute participating in "litigation to a point inconsistent with an intent to arbitrate." *See, e.g., Goff Group, Inc. v. Greenwich Ins. Co.*, 231 F. Supp. 2d 1147, 1154-5 (M.D. Ala. 2002) (refusing to find that removing "a case to federal court, standing alone, constitutes waiver of a party's right to compel arbitration"). From the beginning of this litigation, AFLAC has communicated its position that the claims are subject to arbitration and its desire to arbitrate. The court finds AFLAC has not participated "in litigation to a point inconsistent with an intent to arbitrate" and in any case, Freeman has not suffered prejudice from AFLAC's very limited participation in the litigation that Freeman filed.

*Does Alabama's Anti-Arbitration Statute Preclude Application of the Federal Arbitration Act?*

Freeman's last argument against arbitration is that the McCarran-Ferguson Act allows states to retain control of insurance matters and that Alabama's anti-arbitration statute is an insurance statute that precludes the application of the Federal Arbitration Act and the arbitration agreement in question. She argues that, because enforcement of an arbitration clause would invalidate that anti-arbitration statute, this court should not enforce the arbitration clause. However, Alabama's anti-arbitration statute "was not 'enacted for the purpose of regulating the business of insurance.'" *American Bankers Ins. Co. of Fla. v. Crawford,* 757 So. 2d 1125, 1134-35 (Ala. 1999) (stating "the anti-arbitration provision of § 8-1-41(3), Ala. Code 1975, does not reverse-preempt the FAA under the provisions of the McCarran Ferguson Act"); *Woodmen of the*

*World Life Ins. Society v. White*, 35 F. Supp. 2d 1349, 1356 (M.D. Ala. 1999) (stating that Alabama anti-arbitration statute "is a general statute not found in the insurance code . . . it is not a statute which regulates insurance within the meaning of McCarran-Ferguson"). Under Alabama law, "if an arbitration agreement is voluntarily entered into and is contained in a contract that involves interstate commerce, then the [Federal Arbitration Act] preempts state law and renders the agreement enforceable." *Old Republic Ins. Co. v. Lanier*, 644 So. 2d 1258, 1260 (Ala. 1994).

Freeman's reliance on *McKnight v. Chicago Title Ins. Co.,* 358 F. 3d 854 (11th Cir. 2004), is misplaced. In the *McKnight* decision, which invalidated arbitration provisions in insurance contracts, the Eleventh Circuit was addressing a *Georgia* anti-arbitration law enacted for the express purpose of regulating specifically the business of insurance. That holding does not govern the instant case, which addresses the *Alabama* anti-arbitration statute, a statute that was *not* enacted for the express purpose of regulating the business of insurance.

For the reasons stated above, the court finds that AFLAC has demonstrated the existence of a written arbitration agreement affecting interstate commerce and covering the claims in question. Freeman has not demonstrated that AFLAC has waived the right to arbitrate or that the arbitration agreement is otherwise unenforceable. Consequently, the court will GRANT AFLAC's motion to compel arbitration, will ORDER the parties to proceed to arbitration in accordance with the Arbitration Agreement, and will DISMISS the case WITHOUT PREJUDICE to reinstatement if arbitration is not completed successfully.

Dated this 21st day of October, 2008.

                                                KARON OWEN BOWDRE
                                                UNITED STATES DISTRICT JUDGE